# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:10cv311-RJC-DCK

| | |
|---|---|
| VENUS SPRINGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ALLY FINANCIAL, INC., ) | ORDER |
| f/k/a GMAC INC., AMY BOUQUE, ) | |
| KATHLEEN PATTERSON, ) | |
| YEQUIANG HE a/k/a BILL HE, & ) | |
| CYNTHIA DAUTRICH, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the motions to dismiss filed by defendants Ally Financial, Inc. (Doc. No. 9), Amy Bouque (Doc. No. 11), and Cynthia Dautrich (Doc. No. 13), and the Magistrate Judge's Memorandum and Recommendations ("M&R") (Doc. No. 23). The Court has considered the objections and related briefs, and the matter is ripe for determination.

## I.  BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case, and the Court thus adopts the facts as set forth in the M&R.

## II. STANDARD OF REVIEW

The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). "By contrast, in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept

the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the Magistrate Judge's M&R.

In its review of a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs, Inc. v. Matakari, 7 F.3d 1130, 1134 (4th Cir. 1993). The court should grant the motion only where "it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." Id.; see also E. Shore Mkts., Inc. v. J.D. Assoc. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000) (a motion to dismiss tests the "legal sufficiency of the complaint"). A complaint will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Robinson v. Am. Honda Motor Co., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

## III. DISCUSSION[1]

### A. Personal Jurisdiction

The M&R, after a thorough and careful analysis, concludes that Springs has failed to show that the Court has personal jurisdiction over defendants Bouque and Dautrich under either North Carolina's long-arm statute or the United States Constitution. It thus recommends that all claims against Bouque and Dautrich should be dismissed for lack of personal jurisdiction. Springs devotes much argument to refuting this Recommendation. The Court has considered these arguments and finds no error in the Magistrate Judge's conclusions. The Court will thus dismiss each of the plaintiff's claims against defendants Bouque and Dautrich, as it has no jurisdiction over these individual defendants.

### B. Ally Financial's motion pursuant to Rule 12(b)(6)

Ally seeks dismissal of the plaintiff's claim for negligent infliction of emotional distress ("NIED") under Federal Rule of Civil Procedure 12(b)(6).[2] The Magistrate Judge recommends granting Ally's motion as to this claim.

Springs contends the Magistrate Judge erred in finding that her allegations of intentional conduct could not support a claim for negligence under the controlling case law.[3] At the outset, the

---

[1] In addition to the issues discussed below, the Magistrate Judge also recommended denying plaintiff's motion to remand as moot (Doc. No. 7). The plaintiff has made clear that she does not object to this recommendation, and the Court will thus adopt it as such.

[2] Defendant Ally has not moved for dismissal of the plaintiff's Title VII, § 1981, and wrongful termination claims as to itself, and the Court does not address these claims further.

[3] Springs articulates the additional alleged error that the Magistrate Judge "concluded that Plaintiff's claim for negligent infliction of emotional distress was not plausible despite Plaintiff having alleged a prima facie case." (Doc. No. 24 at 15). Her argument focuses, however, on whether intentional acts can support a claim for NIED. To the extent the plaintiff contends that alleging a prima facie case, without more, gives rise to a plausible claim for relief, the Court disagrees and finds no error. See Ashcroft v. Iqbal, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

3

Court agrees with the Magistrate Judge's reading of the Amended Complaint in that all of the allegations of fact involve intentional acts of discrimination. In her objections, Springs asserts as she did in opposing the motion to dismiss that Ally has provided "no binding precedential case law in concluding that intentional conduct does not support negligent infliction of emotional distress." (Doc. No. 24 at 16).

The plaintiff points out that no Fourth Circuit opinion has specifically held that intentional acts of discrimination cannot support a NIED claim. Equally true, however, is that she cites no binding precedent to the contrary. The Court finds the reasoning in Mitchell v. Lydall, Inc., persuasive. No. 93-1374, 1994 WL 38703 (4th Cir. Feb. 10, 1994). The panel in Mitchell cited a case from the North Carolina Supreme Court explaining that "to state a claim for negligent infliction of emotional distress, a plaintiff must allege that (1) the defendant negligently engaged in conduct . . . ." Id. at *3 (quoting Johnson v. Ruark Obstetrics & Gynecology Assocs., P.A., 395 S.E.2d 85, 97 (N.C. 1990). It then observed that the complaint contained a "single, conclusory allegation" of negligence and that all the "material factual allegations charge[d] nothing but intentional acts." Id. Taking the factual allegations as true, it held that these allegations failed to state a claim for NIED.

Likewise here, the Amended Complaint contains only a conclusory allegation of negligence: "The Defendants [sic] actions as set forth above were negligent acts. Each of the Defendant's [sic] role and participation in the decision to terminate Springs were negligent acts." (Doc. No. 8-2 at 19). Further, the material factual allegations of the Amended Complaint charge "nothing but intentional acts." Mitchell, 1994 WL 38703, at *3. The Court thus finds that the Amended

Complaint fails to state a claim for negligent infliction of emotional distress under North Carolina law.[4]

IV. **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's motion to remand (Doc. No. 7) is **DENIED as moot**;

2. Defendant Ally Financial, Inc.'s motion for partial dismissal (Doc. No. 9) is **GRANTED** as to the plaintiff's claim for negligent infliction of emotional distress, and **DENIED as moot** as to all other claims and defendants;

3. Defendant Bouque's motion to dismiss (Doc. No. 11) is **GRANTED**; and

4. Defendant Dautrich's motion to dismiss (Doc. No. 13) is **GRANTED**.

Signed: November 19, 2010

Robert J. Conrad, Jr.
Chief United States District Judge

---

[4] In her objections to the M&R, Springs requests leave to amend her Amended Complaint in the event that the Court dismisses her claim for NIED, so that she may "add additional factual allegations in support of her claim for negligence." (Doc. No. 24 at 26). As the Local Rules of this District make clear, "Motions shall not be included in responsive briefs. Each motion should be set forth as a separately filed pleading." Local Rules of the Western District of North Carolina, LcvR 7.1 (C) (2). The Court thus denies this request without prejudice.