UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cv311-RJC-DCK

| | |
|---|---|
| VENUS SPRINGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ALLY FINANCIAL, INC., | ) ORDER |
| f/k/a GMAC INC., | ) |
| KATHLEEN PATTERSON, & | ) |
| YEQUIANG HE a/k/a BILL HE, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER** is before the Court on the motions to dismiss filed by defendants Yequiang He (Doc. No. 26) and Kathleen Patterson (Doc. No. 28), and the plaintiff's motion for voluntary dismissal without prejudice as to Defendants He and Patterson (Doc. No. 32). The Court has considered the motions and related briefs, and the matter is ripe for determination.

**I.     BACKGROUND**

The Court issued an Order on November 19, 2010 (Doc. No. 31) dismissing the plaintiff's claims against defendants Bouque and Dautrich for lack of personal jurisdiction. The Order held that even viewing the Complaint in the light most favorable to the plaintiff, the Court did not have personal jurisdiction over defendants Bouque and Dautrich under either North Carolina's long-arm statute or the United States Constitution. The lack of meaningful contacts with this forum by either Bouque or Dautrich led the Court to this conclusion.

**II.    STANDARD OF REVIEW**

In its review of a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs,

Inc. v. Matakari, 7 F.3d 1130, 1134 (4th Cir. 1993). The court should grant the motion only where "it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." Id.; see also E. Shore Mkts., Inc. v. J.D. Assoc. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000) (a motion to dismiss tests the "legal sufficiency of the complaint"). A complaint will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Robinson v. Am. Honda Motor Co., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

### III. DISCUSSION

The Court faces nearly identical allegations here as it did with defendants Bouque and Dautrich. As with Bouque and Dautrich, defendants He and Patterson have at best minimal contacts with this forum. Apparently recognizing the lack of meaningful contacts with the forum by He and Patterson, the plaintiff responded to the instant motions to dismiss with her own motion for voluntary dismissal of the claims against He and Patterson, asking that such dismissal be without prejudice. Thus the parties agree that the claims against He and Patterson should be dismissed. They merely differ as to whether the dismissal should be with prejudice or without.

Tellingly, the plaintiff states in her motion for voluntary dismissal that the He and Patterson motions to dismiss involve "duplicate arguments" as the Bouque and Dautrich motions to dismiss. (Doc. No. 32 at 1). Further, the plaintiff states that "it would be an inefficient use of . . . her time to make an argument that she believes to be futile" in opposing the He and Patterson motions to

2

dismiss.  (Id.).  Thus the plaintiff failed to formally respond to He's and Patterson's motions to dismiss, instead filing a motion for voluntary dismissal of her own, acknowledging that contesting the dismissal of He and Patterson as defendants would be futile.

After a careful review of the Complaint in the light most favorable to the plaintiff, the Court finds that neither He nor Patterson are subject to personal jurisdiction under North Carolina's long-arm statute, and neither have sufficient contacts with this forum such that asserting personal jurisdiction over them would be constitutionally acceptable.  The sole allegations against defendant He are that (1) he participated in the decision to terminate the plaintiff, recommending discharge of her employment (Doc. No. 8-2 at ¶ 6); and (2) that he interviewed the plaintiff in Pennsylvania prior to her employment with the defendant company.  (Id. at ¶ 18).  The only allegations against Patterson are that (1) she participated in the decision to terminate the plaintiff, recommending her discharge (Id. at ¶ 5); and (2) that Patterson called the plaintiff to offer her a mutual release agreement, giving the plaintiff seven days to execute the agreement, and indicating that she believed that in the absence of a mutual release agreement Ally had sufficient grounds for the plaintiff's termination.  (Id. at ¶ 33-34).

Neither of these two defendants resided or currently reside in North Carolina, and there is almost nothing in the Complaint indicating He or Patterson are subject to long-arm jurisdiction or had sufficient contacts with the forum so as to pass constitutional muster.  While He and Patterson may have taken part in or approved the decision to terminate the plaintiff's employment, defendant He resided and worked in Virginia, and defendant Patterson resided and worked in Michigan. Further, there are no allegations of other contacts that would subject He or Patterson to this Court's jurisdiction.  Under these circumstances, He and Patterson had no "clear notice that [they] are subject to suit" in North Carolina and thus no opportunity to "alleviate the risk of burdensome

litigation" here. <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 297 (1980).  Having reached the merits of these individual defendants' motions to dismiss, the Court finds that dismissal with prejudice is appropriate.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendant He's motion to dismiss (Doc. No. 26) is **GRANTED**, and the plaintiff's claims against He are **DISMISSED WITH PREJUDICE**;

2. Defendant Patterson's motion to dismiss (Doc. No. 28) is **GRANTED**, and the plaintiff's claims against Patterson are **DISMISSED WITH PREJUDICE**; and

3. The plaintiff's motion for voluntary dismissal without prejudice of the claims against He and Patterson (Doc. No. 32) is **DENIED** as moot, and the alternative request for leave to conduct early discovery on jurisdictional issues is **DENIED**.

**SO ORDERED.**

Signed: December 28, 2010

*[signature]*

Robert J. Conrad, Jr.
Chief United States District Judge