# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:10-CV-311-MOC-DCK

| | |
|---|---|
| VENUS SPRINGS, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) **ORDER**<br>) |
| ALLY FINANCIAL, INC. f/k/a GMAC INC.,<br>AMY BOUQUE, KATHLEEN PATTERSON,<br>YEQUIANG HE, and CYNTHIA DAUTRICH, | )<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

**THIS MATTER IS BEFORE THE COURT** on Defendant Ally Financial, Inc.'s and Amy Bouque's "Motion For Sanctions" (Document No. 114). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>grant</u> the motion, with modification.

## BACKGROUND

The pertinent procedural and factual background underlying the instant motion has been thoroughly addressed in this Court's most recent Orders (Document Nos. 104 and 113). The undersigned will, therefore, provided a limited review of the most recent and relevant facts.

On December 2, 2014, the undersigned issued an "Order" (Document No. 104) granting Defendants' "Motion For Protective Order" (Document No. 95). That Order specifically stated that: "No party shall publish or disseminate audio or video recordings obtained during discovery in this action without prior permission of the Court." (Document No. 104, p.12). The Order went on to direct that:

> Plaintiff shall immediately have any video or audio recordings related to this action removed from YouTube and any other internet site. Such video(s) or audio recording(s) may only be used in connection with this lawsuit, unless otherwise ordered by this Court. . . .
>
> Plaintiff shall file a Notice with this Court, on or before **December 16, 2014**, describing the steps she has taken to remove video(s) and/or audio recording(s) from public access, and confirming that the 30(b)(6) deposition by Amy Bouque has been removed from YouTube. Failure to abide by this Order will likely lead to sanctions.

(Document No. 104, pp.12-13).

Following objections by Plaintiff, the Honorable Max O. Cogburn, Jr. issued an "Order" (Document No. 113) on February 6, 2015. Judge Cogburn's "Order" unequivocally overruled Plaintiff's objections. (Document No. 113). In particular, Judge Cogburn held that this Court had subject matter jurisdiction over the pending dispute; that there was no error in the undersigned's decision to consider the underlying motion as timely filed; that good cause supported the "Order" (Document No. 104) granting Defendants' "Motion For Protective Order" (Document No. 95); and that the undersigned's "Order" (Document No. 104) was appropriately limited in scope and did not violate the First Amendment. (Document No. 113). Judge Cogburn concluded that Plaintiff must comply with all aspects of the "Order" (Document No. 104) and noted that the Court would not hesitate to consider further sanctions if Plaintiff continued to ignore orders of this Court. (Document No. 113, p.17). Plaintiff did not attempt to appeal Judge Cogburn's decision.

The pending "Motion For Sanctions" (Document No. 114) was filed on February 12, 2015. In short, Defendants assert that despite multiple warnings, Plaintiff continues to disobey the Court's Protective Order. (Document No. 115); see also (Document No. 104). Plaintiff filed a "Notice" (Document No. 116) on February 20, 2015, asserting that she has "removed or had removed from the internet, the video and audio from any deposition video I obtained during

discovery in this case." The "Declaration Of Clifton Brinson" (Document No. 117) was filed on February 25, 2015. Brinson's declaration contends that Plaintiff's videos and/or a series of images from those videos continued to be available on YouTube through at least February 25, 2015. (Document No. 117); see also (Document No. 118, p.2) (quoting Document No. 104, p.13) ("By using images from Ms. Bouque's deposition in her YouTube video, Plaintiff continues to violate the Court's order that the video deposition 'may only be used in connection with this lawsuit.'").

"Plaintiff's Response In Opposition To Defendants' Second Motion For Sanctions" (Document No. 119) was filed on March 2, 2014. Plaintiff asserts that she has "fully complied with the court's order." (Document No. 119, p.1). Plaintiff also re-asserts her argument that this Court lacks jurisdiction over this matter. (Document No. 119, pp.3-6). On March 3, 2015, Defendants filed "Notice" (Document No. 120) that they did not wish to file a further reply.

Judge Cogburn referred the pending "Motion For Sanctions" (Document No. 114) to the undersigned on March 6, 2015. Judge Cogburn noted that

> As of the date of this Order, Plaintiff appears to have removed the audio and video from the depositions at issue from YouTube. She has not removed, however, a video that she uploaded to YouTube that is comprised of stills, or "screen shots," of the deposition video. This video, which is titled "Amy Bo[u]que Corporate Deposition: Best Ways to Tell if a Witness is Lying," available at https://www.youtube.com/channel/UCoyNTq41LanT9igLfA6-Hdg, includes narration by Plaintiff asserting that Ms. Bo[u]que is committing perjury based on her various hand gestures in the deposition video.

(Document N0. 121, p.2). Judge Cogburn then held that referral was appropriate so that the undersigned "may clarify the scope of the protective order and determine whether it extends to "screen shots" of the video deposition," and consider whether Plaintiff's conduct is grounds for sanctions. Id.

3

**DISCUSSION**

Defendants' arguments and authority are compelling. (Document No. 114, 115, 117, 118, and 120). The undersigned believes that the Court's previous direction was clear, and that Plaintiff's subsequent narrow interpretation of this Court's "Order" (Document No. 104) has been in bad faith. The undersigned explicitly ordered, and Judge Cogburn affirmed, that the video and/or audio recordings obtained during discovery in this action "**may only be used in connection with this lawsuit, unless otherwise ordered by this Court**." (Document No. 104, pp.12-13) (emphasis added); see also (Document No. 113).

The Court did not allow for circumstances where a video or audio obtained during discovery in this case could be published or disseminated in *any* way; regardless of the speed at which it is played, or any other way it might be edited or otherwise manipulated. As of March 6, 2015, Plaintiff is using video recording(s) from this lawsuit in a manner that is not in connection with this lawsuit, and has not been allowed by this Court. Plaintiff's continued use of deposition videos in this case, even if that use only includes still images or "screen shots" from those videos, is in violation of this Court's orders.

**CONCLUSION**

**IT IS, THEREFORE, ORDERED** that Defendant Ally Financial, Inc.'s and Amy Bouque's "Motion For Sanctions" (Document No. 114) is **GRANTED**, **with modification**. Plaintiff shall be fined **$100 per day**, for every day she makes publicly available, on the internet or otherwise, any video or audio recording from discovery in this case, beginning **March 16, 2014**.

**IT IS FURTHER ORDERED** that Plaintiff shall file a Notice with the Court on or before **March 16, 2014**, describing the steps she has taken to remove video(s) and/or audio recording(s) from public access, and confirming that the 30(b)(6) deposition by Amy Bouque has been completely removed from YouTube. As set forth above, any public use or dissemination of video and/or audio recordings from discovery in this case, in any manner, is prohibited.

**IT IS FURTHER ORDERED** that if Plaintiff continues to fail to abide by this Court's orders, Defendants may immediately request additional sanctions, including all their costs and fees related to the "Motion For Protective Order" (Document No. 95) and the "Motion For Sanctions" (Document No. 114).

**SO ORDERED**.

Signed: March 9, 2015

David C. Keesler
United States Magistrate Judge