UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:10-cv-00311-MOC-DCK

| | |
|---|---|
| **VENUS SPRINGS,** )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>**ALLY FINANCIAL, INC., F/K/A GMAC, INC.,** )<br>**AMY BOUQUE, KATHLEEN PATTERSON,** )<br>**YEQUIANG HE and CYNTHIA DAUTRICH ,** )<br>)<br>Defendants. ) | ORDER |

**THIS MATTER** is before the court on Plaintiff's "Emergency Motion for a Stay" (#126) and the associated briefs of the parties. Having considered motion and reviewed the pleadings, the court enters the following Order.

### I. Introduction and Procedural History

In light of the fact that the pertinent procedural and factual background in this matter has been thoroughly addressed through the court's previous orders (##104, 113, 121, 124), the court will provide only a brief review of the most relevant facts giving rise to Plaintiff's motion.

On December 2, 2014, Magistrate Judge Keesler entered an Order (#104) amending the previously existing Protective Order in this matter (#55) to provide that "No party shall publish or disseminate audio or video recordings obtained during discovery in this action without prior permission of the Court." (#104, p. 12). The Order further mandated that:

> [1] Plaintiff shall immediately have any video or audio recordings related to this action removed from YouTube and any other internet site. Such video(s) or audio recording(s) may only be used in connection with this lawsuit, unless otherwise ordered by this Court; [and]

> [2] Plaintiff shall file a Notice with this Court, on or before December 16, 2014, describing the steps she has taken to remove video(s) and/or audio recording(s) from public access, and confirming that the 30(b)(6) deposition by Amy Bouque has been removed from YouTube.

(Id., p. 13). Judge Keesler further notified Plaintiff that "[f]ailure to abide by this Order will likely lead to sanctions." (Id.)

Subsequently, Plaintiff filed a Notice with the court on December 16, 2014 unequivocally stating that she would only remove the video and audio recorded from the deposition at issue "when so ordered by an Article III judge." (#105, p. 1). She also filed Objections to Judge Keesler's Order. (#106). Defendants filed a Motion for Sanctions (#107) based on Plaintiff's failure to comply with Judge Keesler's Order. The undersigned issued an Order (#113) on February 6, 2015, overruling Plaintiff's objections to Judge Keesler's Order (#104) and ordering her to comply with it in all aspects. The undersigned then denied Defendants' Motion for Sanctions but noted that the court would not hesitate to consider future sanctions against Plaintiff if she continued to ignore orders of this court. (#113).

Defendants filed another Motion for Sanctions (#114) on February 12, 2015, arguing that despite multiple warnings, Plaintiff had continued to disobey the court's Protective Order. Plaintiff then filed a Notice (#116) on February 20, 2015, asserting that she "had removed from the internet, the video and audio from any deposition video I obtained during discovery in this case." (#116, p. 1). Plaintiff then filed her "Response In Opposition To Defendants' Second Motion For Sanctions" (# 119) on March 2, 2014, asserting that she had fully complied with the court's order. (# 119, p. 1). Defendants filed a Notice on March 3, 2014 that they did not wish to reply. (#120).

On March 6, 2015, the undersigned issued an Order (#121) referring Defendants' Motion for Sanctions (#114) to Judge Keesler, noting that as of the date of the Order (#121), Plaintiff appeared to have removed the audio and video from the depositions at issue from YouTube. She had not removed, however, a video that she uploaded to YouTube comprised of stills, or "screen shots," of the deposition video. The undersigned noted that Plaintiff appeared to have complied with only the most narrow interpretation of Judge Keesler's Order (#104), and therefore found it appropriate to refer the matter back to him to clarify the scope of the protective order and determine whether it extended to "screen shots" of the video deposition. On March 9, 2015, Judge Keesler issued an Order (#124) granting, with modification, Defendants' Motion for Sanctions. (#114). Judge Keesler found that Plaintiff's narrow interpretation of the Protective Order (#104) had been in bad faith. He reiterated that previous court orders had made clear the fact that video and/or audio recordings obtained during discovery in this action "may only be used in connection with this lawsuit, unless otherwise ordered by this Court." (# 104, pp.12-13); (#113, p. 6). Judge Keesler found:

> [t]he Court did not allow for circumstances where a video or audio obtained during discovery in this case could be published or disseminated in *any* way; regardless of the speed at which it is played, or any other way it might be edited or otherwise manipulated. As of March 6, 2015, Plaintiff is using video recording(s) from this lawsuit in a manner that is not in connection with this lawsuit, and has not been allowed by this Court. Plaintiff's continued use of deposition videos in this case, even if that use only includes still images or "screen shots" from those videos, is in violation of this Court's orders.

(#124, p. 4). He then ordered Plaintiff to file a Notice with the court on or before March 16, 201[5] describing the steps she had taken to remove video(s) and/or audio recording(s) from public access, and confirming that the 30(b)(6) deposition by Amy Bouque had been completely removed from YouTube. Id. at 5. He reminded Plaintiff that any public use or dissemination of

video and/or audio recordings from discovery in this case, in any manner, is prohibited. (Id.) Judge Keesler also ordered that Plaintiff be fined $100 per day for every day she made publicly available, on the internet or otherwise, any video or audio recording from discovery in this case, beginning March 16, 201[5]. (Id., p. 4).

On March 8, 2015, Plaintiff filed a Notice of Appeal (#122) as to: 1) Judge Keesler's Order modifying his earlier protective order (#104); 2) the Order of the undersigned upholding Judge Keesler's Order (#113); and 3) the Order of the undersigned referring Defendants' Motion for Sanctions (#114) to Judge Keesler (#121). Those matters are currently before the Fourth Circuit. On March 26, 2015, by a separate motion, Plaintiff filed an "Appeal of and Objection to Magistrate's Contempt Order of March 9, 2015" (#130), which is currently before the undersigned in district court.

On March 10, 2015, Plaintiff filed the instant "Emergency Motion for Stay" (#126). Though ECF noted that responses to such motion were due by March 27, 2015, and Defendants had not yet filed a response, Plaintiff filed a motion for stay directly with the Fourth Circuit Court of Appeals on March 15, 2015 pursuant to Fed. R. App. P. 8(a)(2). See Appellant's Application for Stay Pending Appeal, Springs v. Ally Financial, Inc., et al., No. 15-1244, (4th Cir. Mar. 15, 2015), Doc. 8-1. Plaintiff's motion stated:

> [Plaintiff] seeks to enjoin the execution of a protective order [Dkt #104], issued long after the litigation has ended which seeks to prohibit dissemination of discovery materials already in the possession of third parties before the protective order was issued. Based on an order issued March 9, 2015 [Dkt #124], if a stay is not granted, Ms. Springs will be fined $100 a day beginning March 17, 2015.

Id. The following day, the Fourth Circuit denied Plaintiff's motion.[1] See Order, Springs v. Ally Financial, Inc., et al., No. 15-1244, (4th Cir. Mar. 16, 2015), Doc. 14.

Defendants filed their response (#129) to Plaintiff's motion (#126) on March 20, 2015. The motion, briefs, and the Fourth Circuit's Order are now before the court. The Court believes that the Fourth Circuit's Order denying Plaintiff's Motion for a Stay is dispositive of the motion before this court. However, out of an abundance of caution, the court will also address the merits of Plaintiff's motion and for the reasons explained herein, will deny the motion.

**II.    Discussion**

Generally, "all orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal." Maness v. Meyers, 419 U.S. 449, 458 (1975). Here, Plaintiff has appealed the Order (#104) modifying the earlier protective order in this matter to the Fourth Circuit. See (#122) (Notice of Appeal). The Fourth Circuit has already denied Plaintiff's motion for a stay enjoining enforcement of the Protective Order. (#104). By her motion for a stay[2] before this court, Plaintiff seeks a stay of Judge

---

[1] The Fourth Circuit's Order, in its entirety, reads: "Upon consideration of submissions relative to the motion for stay of district court proceedings pending appeal, including the request that execution of a protective order be enjoined, the court denies the motion." Order, Springs v. Ally Financial, Inc., et al., No. 15-1244, Mar. 16, 2015, Doc. 14.

[2] The court notes that Plaintiff brings her motion for a stay pursuant to Federal Rule of Appellate Procedure 8(a)(1) and Local Rule 8 of the United States Court of Appeals for the Fourth Circuit. The Federal Rules of Appellate Procedure govern procedure in the Courts of Appeals and provide that parties filing a motion in district court require compliance with the practice of the district court. See Fed. R. App. P. 1 (providing that "(1) These rules govern procedure in the United States courts of appeals; [and] (2) When these rules provide for filing a motion or other document in the district court, the procedure must comply with the practice of the district court.") Both of the rules that Plaintiff cites require that "A party must ordinarily move first in the district court for … (A) a stay of the judgment or order of a district court pending appeal." Fed. R. App. P. 8(a)(1); 4th Cir. R. 8(a)(1). Given that the district court considers motions for stays of proceedings pursuant to Federal Rule of Civil Procedure 62, the court will consider her motion under that rule.

Keesler's Order (#124), which clarifies that the Protective Order (#104) applies to still images, or screen shots, of video obtained during discovery, and also imposes sanctions for each day that Plaintiff fails to comply with the Protective Order. To the extent that Plaintiff's motion seeks a stay of her compliance with the Protective Order, as clarified by Judge Keesler in (#124), such request is denied as it has been expressly foreclosed by the Fourth Circuit. To the extent Plaintiff seeks a stay of the monetary sanctions imposed upon her in (#124), such request is also denied. First and foremost, the court believes that the Fourth Circuit's Order contemplated the monetary sanctions imposed upon Plaintiff in (#124), as her motion before the Fourth Circuit explicitly referenced such sanctions. See Appellant's Application for Stay Pending Appeal, Springs v. Ally Financial, Inc., et al., No. 15-1244, (4th Cir. Mar. 15, 2015), Doc. 8-1.

Furthermore, the court finds that Plaintiff has failed to meet her burden of showing that a stay is appropriate here. A party seeking a stay must show:

> (1) that he will likely prevail on the merits of the appeal, (2) that he will suffer irreparable injury if the stay is denied, (3) that other parties will not be substantially harmed by the stay, and (4) that the public interest will be served by granting the stay.

Long v. Robinson, 432 F.2d 977, 979 (4th Cir. 1970); see also Nken v. Holder, 556 U.S. 418, 425 (2009) (holding that such factors constitute the "traditional" standard). The burden of proof is on the moving party as to each element. Long, 432 F.2d at 979; N. Carolina, ex rel. Cooper v. Tennessee Valley Auth., No. 1:06CV20, 2009 WL 2497934, at *2 (W.D.N.C. Aug. 14, 2009). The court has considered these factors and finds that they weigh in favor of denying a stay.

Regarding the first factor, the court finds that Plaintiff has not shown a strong likelihood of success on the merits. Both the undersigned and Judge Keesler considered and rejected Plaintiff's arguments regarding subject matter jurisdiction, the timeliness of Defendants' motions

for a protective order, and the alleged violation of her First Amendment rights. See (##104, 113). The court finds no reason to expect that Plaintiff will obtain a different result on appeal.

Perhaps more significantly, regarding the second factor, the court does not believe Plaintiff will be irreparably injured absent a stay. While it is true that Plaintiff will suffer financial harm for not complying with the protective order, the sanctions imposed by this court in light of Plaintiff's actions in these proceedings are reasonable. Despite warnings from Judge Keesler (#104) and the undersigned (#113) that failure to comply with the protective order would likely lead to sanctions, Plaintiff continued to use video obtained during discovery, either in full speed or in framed still shots, for purposes unrelated to the lawsuit. Compliance with the court order requires removing video obtained during discovery from the internet, a relatively simple task. Though Plaintiff will indeed face financial consequences for not complying with the court order, the court finds that such consequences do not constitute irreparable harm.

Regarding her alleged irreparable injuries to her First Amendment rights absent a stay, the court has already explained its reasoning for denying Plaintiff's First Amendment arguments. (##104, 113). The protective order is not intended to stifle Plaintiff's speech; it is intended to prevent abuses of the discovery process as contemplated by Federal Rule of Civil Procedure 26(c). See (#113, pp. 14-15). See also Seattle Times Co. v. Rhinehart, 467 U.S. 20, 37 (1984) (finding that where "a protective order is entered on a showing of good cause as required by Rule 26(c), is limited to the context of pretrial civil discovery, and does not restrict the dissemination of the information if gained from other sources, it does not offend the First Amendment"). If Plaintiff ultimately prevails before the Fourth Circuit, the sanctions issued against her will be nullified and she will be free to use the materials that she obtained during discovery in this

matter as the Circuit deems fit. In the meantime, however, complying with the court's order regarding her use of video material obtained during discovery does not constitute irreparable injury.

Regarding the third factor, issuance of a stay would continue to cause the harm (discovery abuses) for which Defendants sought relief in September 2014. The court sees no reason to allow such harm to continue when it has already issued orders redressing the harm.

Regarding the fourth factor, the court finds that the public interest will not be served by granting the stay. The court gave Plaintiff one additional week to comply with a court order that had been issued over three months earlier before she began to incur monetary penalties. (#124). Considering this court's interest in ensuring respect for the discovery process and its relevant orders, the court does not find that the public interest will be served by allowing Plaintiff to postpone compliance with the Protective Order and accompanying sanctions.

**III.    Conclusion**

In light of the fact that the Fourth Circuit already denied Plaintiff's motion for a stay to enjoin the court's Protective Order (#104), See Order, Springs v. Ally Financial, Inc., et al., No. 15-1244, (4th Cir. Mar. 16, 2015), Doc. 14, the scope of which was clarified by Judge Keesler's March 9, 2015 Order (#124), and that this court also believes a stay to be inappropriate for the reasons articulated above, the court will deny Plaintiff's motion.

The court takes this opportunity to note that, as with the rights of all citizens, it takes Plaintiff's First Amendment rights quite seriously. The court believes that Plaintiff's arguments pursuant to her First Amendment rights were fairly addressed through its previous Orders. (##104, 113). As has been made obvious through the proceedings in this case, the court also

takes the matter of litigants' compliance with court orders quite seriously. This is of particular concern where the litigant is also a member of the Bar of this court. The court is cognizant of the need to protect the discovery process, ensure it is not abused, and to instill confidence in litigants, both current and future, that the rules governing discovery will be respected in this court.

If Plaintiff ultimately prevails before the Fourth Circuit, the sanctions issued against her will be invalidated and she will be free to use the materials she obtained during discovery in this matter as the Circuit deems fit. At this time, however, this court is of the opinion that Plaintiff must, immediately and in good faith, comply with the Protective Order (#104) and the subsequent Order clarifying its scope (#124).

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Emergency Motion for a Stay (#126) is DENIED.

Signed: April 27, 2015

Max O. Cogburn Jr
United States District Judge