UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:10-cv-00311-MOC-DCK

| | |
|---|---|
| **VENUS SPRINGS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **ALLY FINANCIAL, INC., f/k/a FMAC INC.,** ) | |
| **YEQUIANG HE, AMY BOUQUE, CYNTHIA** ) | |
| **DAUTRICH, KATHLEEN PATTERSON,** ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the court on review of an Order (#124) issued by the Honorable David Keesler, United States Magistrate Judge, in the matter of Defendants' Motion for Sanctions (#114). The parties fully briefed the motion before the magistrate judge entered his Order. Plaintiff filed Objections to the Order (#130), which have also been fully briefed.

The court has carefully considered the proceedings in this case and the appropriate course of action at this stage. Initial review of the magistrate judge's order and the law governing the sanctioning authority of this court indicates that it would be appropriate for the court to review the magistrate judge's decision *de novo*.[1] The court also finds that a hearing on Plaintiff's

---

[1] The district court has authority to assign non-dispositive pretrial matters to a magistrate judge to "hear and determine;" such matters are subject to a "clearly erroneous or contrary to law" standard upon review by the district court. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a). In contrast, 28 § 636(b)(1)(B) provides that, with regard to the eight motions expressly excepted from § 636(b)(1)(A), a district court may "designate a magistrate judge to conduct hearings…and to submit to a judge ... proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). For dispositive matters, the district court undertakes a *de novo* review of those portions of the magistrate's report and recommendation to which objections were properly made. Fed.R.Civ.P. 72(b).

"[W]hen a party brings any motion for sanctions, the sanction chosen by the magistrate judge, rather than the sanction sought by the party, governs the determination of whether Rule 72(a) or 72(b) applies." Segal v. L.C. Hohne Contractors, Inc., 303 F. Supp. 2d 790, 794 (S.D.W. Va. 2004). Generally, the determination of a motion for

objections to the magistrate judge's order would be appropriate and will therefore calendar a hearing for the next available civil motions day. At the hearing, Plaintiff shall be required to show cause as to why she should not be sanctioned for her failure to comply with the protective order issued on December 2, 2014 as of the time of Defendants' Motion for Sanctions.[2] Specifically, Plaintiff shall be required to show cause as to why she should not be sanctioned pursuant to Fed. R. Civ. P. 37(b)(2)[3] for her continued use of video obtained during discovery in

---

sanctions pursuant to Rule 37 is a non-dispositive matter. See Kebe ex rel. K.J. v. Brown, 91 F. App'x 823, 827 (4th Cir. 2004) (unpublished) ("The magistrate judge's order disposing of Kebe's Rule 37 motion for sanctions is undoubtedly a non-dispositive matter covered by Rule 72."); Bowers v. Univ. of Virginia, No. 3:06CV00041, 2008 WL 2346033, at *4 (W.D. Va. June 6, 2008). However, the Fourth Circuit has found, albeit in an unpublished decision, that sanctions issued pursuant to a district court's inherent authority after the underlying litigation has ended are not non-dispositive pretrial matters. Reddick v. White, 456 F. App'x 191, 193 (4th Cir. 2011) (unpublished). In such instance, magistrate judges must enter a Report and Recommendation subject to the district court's *de novo* review. Id. at 193-194.

Defendants brought their motion for sanctions pursuant to both Rule 37 and the court's inherent authority. While the sanction chosen by the magistrate judge governs the determination of which standard of review applies, the Magistrate Judge did not explicitly state under what authority he issued sanctions. Erring on the side of caution, the court believes it would be prudent to conduct a *de novo* review of the order granting the sanctions motion.

2 Judge Keesler's December 2, 2014 Order (#104) modified the protective order entered earlier in this case (#55) to require that "No party shall publish or disseminate audio or video recordings obtained during discovery in this action without prior permission of the Court." (#104). The Order further mandated that:

> [1] Plaintiff shall immediately have any video or audio recordings related to this action removed from YouTube and any other internet site. Such video(s) or audio recording(s) may only be used in connection with this lawsuit, unless otherwise ordered by this Court; [and] [2] Plaintiff shall file a Notice with this Court, on or before December 16, 2014, describing the steps she has taken to remove video(s) and/or audio recording(s) from public access, and confirming that the 30(b)(6) deposition by Amy Bouque has been removed from YouTube.

Id. The undersigned affirmed the Order on February 6, 2015 and ordered Plaintiff to comply with the magistrate judge's Order in its entirety. (#113). Plaintiff then removed the full-length, moving deposition video from YouTube but uploaded (or kept up) a YouTube video comprised of "screen shots" of the deposition video. See (#121).

3 Rule 37(b)(2)(A) provides authority for the court to issue sanctions for failure to comply with discovery orders in the court where the action is pending:

> (A) *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent…fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or

this case, in the form of "screen shots" of such video, in direct violation of this court's protective order, which clearly required that "No party shall publish or disseminate audio or video recordings obtained during discovery in this action without prior permission of the Court." (#104). Plaintiff shall additionally be required to show cause as to why she should not be sanctioned pursuant to this court's inherent authority to sanction litigants for bad faith conduct.[4] Specifically, Plaintiff must explain to this court how her continued dissemination of video obtained during discovery in the form of "screen shots" through her YouTube site can have possibly been in good faith when she had received two explicit directives from this court to remove such video from the internet. (#104, 113).

---

from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part;
(iv) staying further proceedings until the order is obeyed;
(v) dismissing the action or proceeding in whole or in part;
(vi) rendering a default judgment against the disobedient party; or
(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Id. Notably, the actions listed in 37(b)(2)(A)(i-vii) are non-exhaustive. The authority to issue sanctions pursuant to Rule 37 extends to a party's failure to comply with protective orders issued pursuant to Rule 26(c). See SAS Inst. Inc. v. World Programming Ltd., No. 5:10-CV-25-FL, 2014 WL 1760960, at *4 (E.D.N.C. May 1, 2014) ("Where the court determines that sanctions are, in fact, warranted in light of clear violations of the Protective Order, the sanctions the court has available to it include those under Fed.R.Civ.P. 37(b)(2)(A)."); Smith & Fuller, P.A. v. Cooper Tire & Rubber Co., 685 F.3d 486, 489 (5th Cir. 2012) (finding "significant authority in support of the imposition of Rule 37(b) sanctions for violation of Rule 26(c) protective orders"); Fed.R.Civ.P. 37 Advisory Committee's note to 1970 amendment to subdiv. (b) (observing that "[v]arious rules authorize orders for discovery—*e.g.,* Rule 35(b)(1), Rule 26(c) as revised, Rule 37(d)….Rule 37(b)(2) should provide comprehensively for enforcement of all these orders.").

4 "Federal courts have long recognized their inherent power to sanction litigants for misbehavior in the judicial process." White v. Raymark Indus., Inc., 783 F.2d 1175, 1177 (4th Cir. 1986). More specifically, "[a] federal district court has the inherent power to impose monetary sanctions on attorneys who fail to comply with discovery orders….Such sanctions are not only to penalize the attorney, but are also necessary to deter similar conduct in the pending case and in other litigation." In re Howe, 800 F.2d 1251, 1252 (4th Cir. 1986) (internal citation omitted) (affirming fine of $250/day for each day of attorney's noncompliance with discovery order).

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Clerk of Court calendar a hearing on Plaintiff's Objections to the Magistrate Judge's Order (#130) for the next civil motions day.

Signed: May 6, 2015

Max O. Cogburn Jr
United States District Judge