UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:10-cv-00311-MOC-DCK

| | |
|---|---|
| **VENUS SPRINGS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **ALLY FINANCIAL, INC., f/k/a GMAC** ) | |
| **INCORPORATED, et al.** ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the court on the recent unpublished opinion from the Fourth Circuit (#147) remanding and vacating two Orders issued in this matter in 2015. Specifically, the Fourth Circuit remanded this court's Order (#113) overruling Plaintiff's Objections (#106) to the Order (#104) of the Honorable David Keesler, United States Magistrate Judge, granting Defendants' Motion for a Protective Order (#95). The Fourth Circuit also vacated a portion of this court's Order (#139) ordering Plaintiff to comply with the Protective Order (#104) because such Order was based on the existence of the Order now remanded to this court.

I. FACTUAL AND PROCEDURAL BACKGROUND

The factual and procedural background of this case has been thoroughly addressed by the court's prior Orders, see (##104, 113, 121, 124, 135, 139), and the court will only repeat those facts that have bearing on the matter currently before it on remand.

On December 2, 2014, Magistrate Judge Keesler entered an Order granting Defendants' motion for protective order, which Defendants sought because Plaintiff had posted videos to YouTube that contained video material obtained during discovery in this case. In that Order

-1-

(#104), Judge Keesler amended the existing protective order to provide that "No party shall publish or disseminate audio or video recordings obtained during discovery in this action without prior permission of the Court." Id. The order further mandated that:

> [1] Plaintiff shall immediately have any video or audio recordings related to this action removed from YouTube and any other internet site. Such video(s) or audio recording(s) may only be used in connection with this lawsuit, unless otherwise ordered by this Court; [and]
>
> [2] Plaintiff shall file a Notice with this Court, on or before December 16, 2014, describing the steps she has taken to remove video(s) and/or audio recording(s) from public access, and confirming that the 30(b)(6) deposition by Amy Bouque has been removed from YouTube.

Id. Judge Keesler further notified Plaintiff that "[f]ailure to abide by this Order will likely lead to sanctions." Id. Plaintiff then filed a notice with the court on December 16, 2014 unequivocally stating that she would only remove the video and audio recorded from the deposition "when so ordered by an Article III judge," see (#105), and then filed objections. See (#106). After those objections had been fully briefed, on February 6, 2015, this court issued an Order overruling those objections, fully affirming Judge Keesler's Order, and directing her to comply with it in all aspects. See (#113). The court subsequently denied Defendants' motion for sanctions, but noted that the court would not hesitate to consider future sanctions against Plaintiff if she continued to ignore the court's Orders. Id. Plaintiff appealed that decision to the Fourth Circuit on March 8, 2015. See (#122).

Defendants then filed a second Motion for Sanctions on February 12, 2015, see (#114), arguing that Plaintiff had continued to disobey the court's protective order by virtue of the fact that she had manipulated the video but not removed it from the internet. Plaintiff filed a "Notice" on February 20, 2015, (#116), asserting she had removed the deposition video and audio from the

Internet, and then filed her response to Defendants' Motion on March 2, 2014, asserting that she had fully complied with the court's order. (#119). After this court referred the matter to Judge Keesler, he issued an order to grant, with modification, Defendants' Motion for Sanctions on March 9, 2015. See (#124). Judge Keesler found that Plaintiff's actions in light of the clear directives of the protective order had been in bad faith, and reiterated that previous court Orders had made clear that video and/or audio recordings obtained during discovery could only be used in connection with the lawsuit. Id. This court, upon de novo review of that Order granting sanctions, overruled in part and sustained in part Plaintiff's Objections (#130) to the Sanctions Order. See (#139). Plaintiff appealed that Order to the Fourth Circuit on August 6, 2015. See (#143). The Fourth Circuit consolidated the two appeals named herein on September 2, 2015. See (#146).

In its July 27, 2016 opinion (#147), the Fourth Circuit made several relevant findings as to the first of this court's Orders that Plaintiff had appealed (#113). The Circuit held that this court properly had jurisdiction to consider Defendants' post-judgment request for a protective order, and to order Plaintiff to comply with the original protective order. The Circuit also overruled Plaintiff's mootness arguments. However, the Circuit found merit in Plaintiff's argument that the magistrate judge lacked the authority to enter an Order—as opposed to a memorandum and recommendation—granting Defendants' post-judgment Motion for a protective order. The Circuit noted the lack of clear authority governing the appropriate standard of review in situations such as the one presented here, explaining:

> Generally, a district court refers pretrial discovery to a magistrate judge under § 636(b)(1)(A) and reviews discovery orders for clear error. See 28 U.S.C. § 636(b)(1)(A); Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1462 (10th Cir. 1988) ("Discovery is clearly a pretrial matter [under § 636(b)(1)(A)]."). Here,

however, Defendants filed the motion for a protective order after judgment was entered—not as part of ongoing discovery in an open case. Neither the Federal Magistrates Act nor the Federal Rules of Civil Procedure address whether a magistrate judge has authority to adjudicate postjudgment motions.

See (#147) at p. 8. The Circuit concluded that a magistrate judge may not decide, postjudgment, a motion that would be a proper pretrial motion under § 636(b)(1)(A) because "resolution of such motions is dispositive of a claim." Id. (citing Massey v. City of Ferndale, 7 F.3d 506, 510 (6th Cir. 1993); Rajaratnam v. Moyer, 47 F.3d 922, 924 (7th Cir. 1995); Aluminum Co. of Am., 663 F.2d at 501). Thus, the Circuit found that this court should have reviewed the Magistrate Judge's order under a de novo standard of review, not for one of clear error. It also noted that, "[a]lthough [the clear error] standard is not necessarily inconsistent with the requirements of a de novo determination, the district judge did not clearly indicate that he afforded the parties a de novo determination. In order to satisfy the [Federal Magistrates] Act, he must do so." Aluminum Co. of Am., 663 F.2d at 502.[1]

The Circuit further found that because the July 2015 Order (#139) depended on the existence of the protective order, the portion of the sanctions order requiring Plaintiff to comply with the protective order should be vacated.

---

1 The district court has authority to assign non-dispositive pretrial matters pending before the court to a magistrate judge to "hear and determine." 28 U.S.C. § 636(b)(1)(A). Upon review, the district court will modify or set aside a magistrate judge's order as to a non-dispositive matter only if it is "clearly erroneous or contrary to law." Id.; Fed.R.Civ.P. 72(a). In contrast, 28 § 636(b)(1)(B) provides that, with regard to the eight motions expressly excepted from § 636(b)(1)(A), a district court may "designate a magistrate judge to conduct hearings…and to submit to a judge ... proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). For dispositive matters, the district court undertakes a de novo review of those portions of the magistrate's report and recommendation to which objections were properly made. Fed.R.Civ.P. 72(b). A matter is non-dispositive if it does not resolve the substantive claims for relief alleged in the pleadings. See Wachovia Bank, Nat'l Ass'n v. Deutsche Bank Trust Co. Ams., 397 F. Supp. 2d 698, 701-02 (W.D.N.C. 2005) (citing Batiste v. Catoe, 27 F. App'x 158, 159 (4th Cir. 2001)).

**II.     Discussion**

In light of the instructions from the Circuit, this court has considered the arguments raised by Plaintiff's Objections (#106) to the Magistrate Judge's Order (#104) de novo. The Federal Magistrates Act of 1979, as amended, provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful de novo review of the magistrate judge's recommendation.

Here, the court notes that the Circuit has already held that Plaintiff's objections regarding subject matter jurisdiction are without merit. See (#147) at pp. 4-6. As to Plaintiff's remaining arguments raised in her Objections (#106) regarding timeliness, good cause for the issuance of the protective order, and free speech rights under the First Amendment, the court has reviewed all of its prior analysis on each issue and finds that upon de novo review, its conclusion as to each objection asserted by Plaintiff remains unchanged. The court notes that its prior Order thoroughly addressed the governing legal standards for each objection raised, see (#113), and for

the legal reasons stated in that Order, the court finds that the magistrate judge's Order (#104), which the court has now treated as a memorandum and recommendation subject to <u>de novo</u> review for the reasons stated herein, is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the court will fully affirm the recommendation of the magistrate judge (#104). In other words, the fact that the court has applied a less deferential standard of review to the magistrate judge's Order granting Defendants' Motion for a Protective Order has not affected the court's determination that such decision is fully consistent with the law.

Given that the Circuit vacated only "the portion of the sanctions order requiring [Plaintiff] to comply with the protective order," <u>see</u> (#147) at p. 9, and because this court has now affirmed, under a <u>de novo</u> standard of review, the magistrate judge's decision to amend the protective order, the court will reiterate that all parties to this litigation must comply with the protective orders entered in this case in all respects.

To the extent that either party seeks clarification or guidance as to this court's directives in light of this Order, they may file a motion. At this point, however, the court considers this matter thoroughly exhausted and sees no need for additional briefing on any issue.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Objections to the Magistrate Judge's Order (#106), which the court has considered <u>de novo</u> in light of the instructions from the Fourth Circuit, are **OVERRULED**, and the Order of the magistrate judge (#104), which the court has treated as a Memorandum and Recommendation for the reasons stated herein, is **AFFIRMED.**

Signed: September 6, 2016

Max O. Cogburn Jr.
United States District Judge